DEEANN M. BARNES, SB #024841
DeeAnn.Barnes@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Wesco Insurance Company, | No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Joe X. Rosell, Joe L. Rosell, Lisa Hermes, Joe X. Rosell as Trustee of the Joe X. Rosell Living Trust, Kirby Reinhardt, Melissa Reinhardt, and Hurricane Fence Co., | |
| Defendants. | |

Plaintiff Wesco Insurance Company ("Wesco"), for its complaint against Defendants JOE X. ROSELL, JOE L. ROSELL, LISA HERMES, JOE X. ROSELL, as Trustee of the JOE X. ROSELL LIVING TRUST, KIRBY REINHARD, MELISSA REINHARDT and HURRICANE FENCE CO., alleges as follows:

**INTRODUCTION**

1.  This lawsuit is an action for declaratory judgment pursuant to 28 U.S.C. §2201, for the purpose of resolving an actual controversy between Wesco and Defendants arising under a an occurrence-based commercial general liability policy Wesco issued to named insured Hurricane Fence Co. under policy number NW106895700 for the policy period of May 7, 2014 to May 7, 2015 and was subsequently renewed every year thereafter.

2. Wesco seeks a declaration as to whether it has any obligation to defend or indemnify Joe X. Rosell, Joe L. Rosell, Lisa Hermes and Joe X. Rosell as Trustee of the Joe X. Rosell Living Trust under the policies for a lawsuit styled Reinhardt, et al. v. Rosell, et al., Case No. CV2017-012658, pending in the Superior Court of the State of Arizona in and for the County of Maricopa ("the Underlying Lawsuit").

**PARTIES, JURISDICTION AND VENUE**

3. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

4. Plaintiff, Wesco, is an insurance company organized and existing under the laws of the state of Ohio with its principle place of business located at 800 Superior Avenue East, 21st Floor, Cleveland, Ohio 44114.

5. Upon information and belief, Defendant JOE X. ROSELL is domiciled in Maricopa County, Arizona.

6. Upon information and belief, Defendant JOE L. ROSELL is domiciled in Maricopa County, Arizona.

7. Upon information and belief, Defendant LISA HERMES is domiciled in Maricopa County, Arizona.

8. Upon information and belief, Defendant KIRBY REINHARDT is domiciled in Maricopa County, Arizona.

9. Upon information and belief, Defendant MELISSA REINHARDT is domiciled in Maricopa County, Arizona.

10. Upon information and belief, Defendant HURRICAN FENCE CO. is an Arizona corporation with its principal place of business in Arizona.

11. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Wesco, on the one hand, and all Defendants, on the other hand; and (b) the amount in controversy, including the potential costs of both defense and indemnity substantially exceeds $75,000.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4837-8223-8307.1            2

12. Venue is appropriate under 28 U.S.C. § 1391 because many of the acts – i.e., the making of the insurance contract at issue and the Underlying Lawsuit– which form the basis of this action occurred in Arizona.

13. Joe X. Rosell, Joe L. Rosell, and Lisa Hermes have requested have a defense and indemnity from Wesco for the Underlying Lawsuit.  Wesco contends that it has no defense or indemnity obligation for the Underlying Lawsuit.  As a result, an actual controversy exists and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## FACTUAL ALLEGATIONS

14. On October 2, 2017, the Underlying Lawsuit was filed in the Superior Court of Maricopa County, Arizona.  A true and correct copy of the complaint filed in the Underlying Lawsuit is attached hereto as *Exhibit A*.

15. The Underlying Lawsuit alleges that on July 14, 2015, Joe X. Rosell entered into a Stock Purchase Agreement with Kirby and Melissa Reinhardt signed a Stock Purchase Agreement through which he sold his two businesses, Hurricane Fence Co. and Arizona Fence Co., to the Reinhardts.  According to the complaint, on that same day, Joe X. Rosell in his capacity as trustee for the Joe X. Rosell Living Trust, signed a Commercial Lease related to this transaction.  Further, as part of the same transaction, the Reinhardts signed a Promissory Note and Joe X. Rosell signed a Covenant Not to Compete, which prohibited him from engaging in the fence contracting business within the State of Arizona for five years.

16. The Underlying Lawsuit allege that Joe X. Rosell and one or more of the remaining defendants conspired to defraud the Reinhardts by misrepresenting the value of the companies, inventing invalid shares and a purported loan, and other illegal actions in furtherance of the conspiracy.

17. Count I of the Underlying Lawsuit, titled "Fraud / Fraudulent Inducement / Fraudulent / Misrepresentations / Conspiracy / Punitive Damages" alleges that Joe X. Rosell knowingly made false representations to the Reinhardts to induce them to sign the Stock Purchase Agreement, the promissory note, and the commercial lease, to their detriment, entitling them to punitive damages, and compensatory damages in the amount of over $380,000.

18. Count II, III, and IV of the Underlying Lawsuit allege causes of action against Joe X. Rosell for breach of the Covenant Not to Compete, unfair competition, and breach of the covenant of good faith and fair dealing, respectively.

19. Wesco Insurance Company issued an occurrence-based Commercial General Liability Policy to named insured Hurricane Fence Co. under policy number NW106895700 for the policy period of May 7, 2014 to May 7, 2015 and was subsequently renewed every year thereafter (collectively, "the Wesco Policy").

20. The Wesco Policy is subject to limits of insurance of $1 million per occurrence, $1 million personal and advertising injury, and $2 million in the aggregate.

21. Joe X. Rosell, Joe L. Rosell and Lisa Hermes have made a claim with Wesco under the Wesco Policy to defend them in the Underlying Lawsuit.

## COUNT I

22. Wesco repeats and re-alleges Paragraphs 1 through 17 as though fully set forth in Paragraph 22.

23. The insuring agreement of Coverage A of the Wesco Policy provides:

**SECTION I — COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to

which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\*\*\*

b. This insurance applies to "bodily injury" and "property damage" only if:
(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

24. The Wesco Policy defines "property damage" as:

a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physical injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

25. The Wesco Policy defines "occurrence: as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

26. The Underlying Lawsuit does not seek damages for "bodily injury" or "property damage" instead it seeks pure economic damages as a result of the alleged interference with contract and concerted actions of Joe X. Rosell, Joe L. Rosell and Lisa Hermes.

27. Further, the Wesco Policy excludes coverage for "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

WHEREFORE, Plaintiff WESCO INSURANCE COMPANY, respectfully requests this Court find and declare:

A. That for the reasons set forth above Wesco has no duty to defend Joe X. Rosell, Joe L. Rosell or Lisa Hermes in the Underlying Lawsuit under the Wesco Policy;

B. That for the reasons set forth above Wesco has no duty to indemnify Joe X. Rosell, Joe L. Rosell or Lisa Hermes for any loss or damages arising out of the Underlying Lawsuit under the Wesco Policy; and

   C. Any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II

28. Wesco repeats and re-alleges Paragraphs 1 through 17 as though fully set forth in Paragraph 28.

29. The insuring agreement of Coverage B of the Wesco Policy provides:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

 a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

30. The Wesco Policy defines "personal and advertising injury" as "injury, including consequential 'bodily injury', arising out of one or more of the following offense:

 a. False arrest, detention or imprisonment;
 b. Malicious prosecution;
 c. The wrongful eviction from, wrongful entry into, or invasion of the right o private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
 d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
 e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
 f. The use of another's advertising idea in your "advertisement"; or
 g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

31. The allegations of the Underlying Lawsuit do not seek relief or damage that arise out of any of the enumerated offenses contained in the Wesco Policy's definition of

"personal and advertising injury."

32. Further, Coverage B of the Wesco Policy includes the following relevant exclusions:

> **2. Exclusions**
> This insurance does not apply to:
> **a. Knowing Violation Of Rights Of Another**
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
>
> \*\*\*
>
> **f. Breach Of Contract**
> "Personal and advertising injury" arising out of a breach of contract…

WHEREFORE, Plaintiff WESCO INSURANCE COMPANY, respectfully requests this Court find and declare:

A. That for the reasons set forth above Wesco has no duty to defend Joe X. Rosell, Joe L. Rosell or Lisa Hermes in the Underlying Lawsuit under the Wesco Policy;

B. That for the reasons set forth above Wesco has no duty to indemnify Joe X. Rosell, Joe L. Rosell or Lisa Hermes for any loss or damages arising out of the Underlying Lawsuit under the Wesco Policy; and

C. Any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III

33. Wesco repeats and re-alleges Paragraphs 1 through 17 as though fully set forth in Paragraph 33.

34. The Wesco Policy, by endorsement, provides:

D. Additional Exclusions applicable to **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

1 | This insurance does not apply to:

1. Punitive or Exemplary Damage

If a "suit" is brought against the insured for damages covered by this policy, seeking both compensatory and punitive or exemplary damages, we will afford a defense to such action. We will not have an obligation to pay for any costs, interests or damages attributable to punitive or exemplary damages. This exclusion does not apply in any state where such endorsement is expressly prohibited by state law or insurance department regulations.

WHEREFORE, Plaintiff WESCO INSURANCE COMPANY, respectfully requests this Court find and declare:

A. That for the reasons set forth above Wesco has no duty to indemnify Joe X. Rosell, Joe L. Rosell or Lisa Hermes for any costs, interests or damages attributable to punitive or exemplary damages arising out of the Underlying Lawsuit under the Wesco Policy; and

B. Any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

RESPECTFULLY SUBMITTED this 20<u>th</u> day of April, 2018.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**


By */s/DeeAnn M. Barnes*
DeeAnn M. Barnes
Attorneys for Plaintiff

4837-8223-8307.1

8